IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TASHARA SHONTA BROWN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2540

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

Nancy A. Daniels, Public Defender, and Kathleen Stover and Glen P. Gifford, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney General, Tallahassee, for Appellee.

CLARK, J.

The jury convicted Tashara Brown of conspiracy to traffic in 28 grams or more of cocaine. As evidence, the State admitted both chemically tested cocaine and "untested white powder" that an officer testified was consistent with cocaine. Because the State did not use the officer's testimony regarding the untested white

powder to evidence the necessary weight requirement for trafficking, we affirm Appellant's judgment and sentence.[1]

The Florida Supreme Court has made clear the State may not comingle white powder prior to testing and then use that comingled substance *to prove the necessary weight for trafficking*. Greenwade v. State, 124 So. 3d 215, 215, 227 (Fla. 2013) (explaining if the State "fail[s] to independently chemically test each individual packet, . . . the State [has] failed to meet its burden to prove the essential element of weight"). The court's focus was *weight*. See id. at 220-28.

And the court's holding was solely limited to proving "the statutory threshold for weight":

> [W]e hold that to establish beyond a reasonable doubt that individually wrapped packets of white powder meet the statutory threshold for weight in trafficking prosecutions, the State must chemically prove that each individually wrapped packet contains at least a mixture of a controlled substance before it may combine the contents and determine whether those contents meet the statutory threshold for weight.

Id. at 229; see also id. at 230-31 ("[W]e hold that to satisfy the burden of *proving that the evidence seized meets the statutory threshold for weight* in trafficking prosecutions beyond a reasonable doubt . . . .") (emphasis added).

Here, Ms. Brown asserts Greenwade requires every white powder, in every case, be chemically tested before it can be admitted for any purpose. This reads

---

[1] Appellant raised two other issues. As to those, we affirm the trial court's determinations without comment.

Greenwade too broadly. Greenwade addressed one specific issue: weight. The Greenwade court made one specific holding: applicable to weight. The Greenwade court mandated one specific thing from prosecutors: "the statutory threshold for weight in trafficking prosecutions" be evidenced by chemical testing.

In line with this mandate, the State here evidenced 30.3 grams of cocaine (more than 2 grams above the statutory limit) by chemical testing of a single, non-comingled bag—as it was required to do. It is of no consequence that the State furthered its *conspiracy* case through testimony of a twelve-year, veteran narcotics officer that other bags of white powder were also cocaine. Testimony to identify a substance not used to prove a trafficking weight does not implicate Greenwade. Such testimony should be governed by the traditional rules of evidence, and Ms. Brown does not assert the officer's testimony ran afoul of traditional evidence rules.

Accordingly, the court did not err in admitting the officer's testimony regarding the untested white powder, not used as evidence of weight and only used as evidence of a conspiracy. Ms. Brown's judgment and sentence are AFFIRMED. VAN NORTWICK and SWANSON, JJ., CONCUR.